# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. ROBERT CAMERON,<br>          Petitioner,<br><br>      v.<br><br>DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>          Agency. | DOCKET NUMBER<br>CB-1208-19-0001-U-2<br><br><br>DATE: February 15, 2019 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Szuwei Co, Esquire, Oakland, California, for the petitioner.

Joseph Manuel Briones and Steven R. Snortland, Esquire, Los Angeles,
    California, for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

## ORDER ON STAY EXTENSION REQUEST

¶1       Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests that the Board stay indefinitely the separation of Dr. Robert Cameron while OSC completes its investigation and legal review of the matter and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

determines whether to seek corrective action. For the following reasons, the stay is extended for a period of 90 days.

## BACKGROUND

¶2 On November 27, 2018, OSC filed an initial request for a 45-day stay of the separation of Dr. Cameron. *Special Counsel ex rel. Robert Cameron v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-19-0001-U-1, Stay Request File, Tab 1. In its request, OSC argued that it had reasonable grounds to believe that the agency decided to separate Dr. Cameron and coerced his retirement in reprisal for making protected disclosures under 5 U.S.C. § 2302(b)(8). *Id.* Based on OSC's factual allegations, Vice Chairman Mark A. Robbins granted the request and stayed Dr. Cameron's separation through January 13, 2019. *Special Counsel ex rel. Robert Cameron v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-19-0001-U-1, Order on Stay Request, ¶ 13 (Nov. 30, 2018). The Board notified the parties that any request for an extension of the stay must be received by the Clerk of the Board on or before December 31, 2018, and that any comments by the agency on such a request must be received by the Clerk of the Board on or before January 7, 2019. *Id.*

¶3 A partial shutdown of the Federal Government, which included the Board and OSC, took place from December 22, 2018, through January 25, 2019. OSC asserts that the agency separated Dr. Cameron from Federal service during the partial shutdown on January 13, 2019. *Special Counsel ex rel. Robert Cameron v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-19-0001-U-2, Stay Request File (U-2 SRF), Tab 1 at 3. Subsequently, on February 4, 2019, OSC filed its present request for an indefinite extension of the stay. *Id.* at 1-2. Given the automatic extension of all filing deadlines before the Board during the partial shutdown, the Clerk of the Board deemed the request timely filed and provided the agency until February 11, 2019, to submit any comment in response.

U-2 SRF, Tab 2.  The agency has filed a response in opposition to OSC's request.  U-2 SRF, Tab 4.

## ANALYSIS

¶4    The Board may extend the period of a stay for any period that it considers appropriate.[2]  5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).  In evaluating a request for an extension, the Board will view the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Special Counsel ex rel. Waddell*, 105 M.S.P.R. 208, ¶ 3.

¶5    Here, OSC requests that the Board extend the stay of Dr. Cameron's separation so that it can continue its investigation and, if appropriate, pursue formal corrective action procedures under 5 U.S.C. § 1214(b)(2)(B).  U-2 SRF, Tab 1 at 16.  OSC asserts that the evidence on which it relied in seeking the initial stay request, as well as evidence it has obtained since then, including documentation and interviews with seven additional witnesses, continues to show reasonable grounds to believe that the agency decided to separate Dr. Cameron and coerced his retirement in reprisal for making protected disclosures.  *Id.* at 5-11.  Moreover, OSC avers that a stay is necessary to ensure that its investigation will proceed as expeditiously as possible given its claims that, prior to the Vice Chairman's grant of the initial 45-day stay request, the agency delayed production of documents and evidence relevant to its investigation.  *Id.* at 4-5, 13-15.  OSC further asserts that a stay is necessary to protect Dr. Cameron from further harm.  *Id.* at 4-5.

---

[2] Legislation enacted in 2017 allows an individual Board member to extend a stay under 5 U.S.C. § 1214(b)(1)(B) when, as now, the Board lacks a quorum.  *See* Pub. L. No. 115-42, 131 Stat. 883 (June 27, 2017).

¶6  Based on the assertions made in its extension request, and viewing the record in the light most favorable to OSC, an extension of the stay is not clearly unreasonable to allow OSC time to continue its investigation, attempt a resolution of this matter, and, if necessary, pursue corrective action before the Board. *See Special Counsel v. Department of the Treasury*, 66 M.S.P.R. 176, 179 (1995).

¶7  The length of the extension requires a separate determination. *Special Counsel ex rel. Waddell*, 105 M.S.P.R. 208, ¶ 5.  In its request, OSC asks for an indefinite extension, rather than an extension for a certain number of days, because of the "real and foreseeable risk" that any extension would lapse before OSC had an opportunity to request a further extension given "the approaching possibility that no Board member will be available to authorize stay extensions." U-2 SRF, Tab 1 at 11-12.  The agency opposes the request, claiming, among other things, that an indefinite stay is unreasonable and unnecessary.  U-2 SRF, Tab 4 at 3.  The agency requests that the Board issue an extension for no more than 90 days. *Id.* at 4.

¶8  It is the intent of Congress that stays not be extended for prolonged periods of time. *Special Counsel ex rel. Meyers v. Department of Housing & Urban Development*, 111 M.S.P.R. 48, ¶ 17 (2009).  Moreover, the Board is obligated to press OSC to present corrective action cases in a timely manner. *Id.*  The Board generally does not grant an indefinite extension of a stay unless OSC has petitioned the Board for corrective action. *See Special Counsel ex rel. Feilke v. Department of Defense Dependent Schools*, 76 M.S.P.R. 625, 629-30 (1997) (explaining that an indefinite extension of the stay of an employee's termination was not appropriate, in part because OSC had not yet filed a petition for corrective action).  The record shows that OSC is reasonably continuing its investigation at this time, and the agency does not object to the extension of the stay for 90 days.  In light of these considerations, an extension of 90 days is appropriate.

**ORDER**

¶9      Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 90-day extension of the stay is hereby GRANTED, and it is ORDERED that:

(1)      The stay issued on November 30, 2018, is extended on the terms and conditions set forth in the Order on Stay Request, through and including May 18, 2019;

(2)      Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(3)      Any request for an extension of this stay, pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42, and 5 C.F.R. § 1201.136(b), must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before May 3, 2019;[3] and

---

[3] If there is no Board member to act on a request for an extension of this stay on May 3, 2019, then the stay automatically will be extended until 45 days after the appointment of a duly confirmed Board member(s) who can act on the request, at which time the stay will expire. If such stay is set to expire because of the appointment of a duly confirmed Board member(s), any request for an extension of that stay, pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42, and 5 C.F.R. § 1201.136(b), must be received by the Clerk of the Board and the agency, together with any further evidentiary support, no later than 15 days before the expiration of the stay, and any comments on such a request that the agency wants the Board to consider, pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b), must be received by the Clerk of the Board no later than 8 days before the expiration of the stay.

(4)     Any comments on such a request that the agency wants the Board to consider, pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b), must be received by the Clerk of the Board on or before May 10, 2019.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.